UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:08CV01133 FRB |
| ) | |
| v. ) | |
| ) | |
| MAPLEWOOD-RICHMOND HEIGHTS ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before this Court is defendant Maplewood-Richmond Heights School District's motion to dismiss, from plaintiff James C. Vaughn's Second Amended Complaint, Count I in part, and Count II in its entirety, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 15/filed December 5, 2008.) All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff James C. Vaughn ("plaintiff") originally filed a pro se Complaint against defendant on August 1, 2008 under Title VII of the Civil Rights Act of 1964, alleging that he was wrongfully terminated on the basis of his sex. (Docket No. 1.) Therein, plaintiff alleged that, while employed by defendant, he

1

was fired after exhausting all of his sick leave, while female employees who had exhausted their sick leave were permitted to return to work. Id. at 4-5.

Subsequently, counsel entered his appearance on plaintiff's behalf and on November 20, 2008, filed the Second Amended Complaint to which the instant motion is directed. (Docket No. 14.) In Count I therein, plaintiff alleges employment discrimination, inasmuch as defendant discriminated against him on the basis of, including but not limited to, gender, race, age, physical and emotional disability, and retaliation. Id. at 2. In support, plaintiff alleged, inter alia, that he was the target of long-term serial harassment; that he was rebuked and reprimanded in front of others; that he was blamed for messes that the teachers were responsible for cleaning; that he was taken away from his employment duties because others attempted to treat him as a "doorman"; he was terminated after exhausting his sick leave when others were not; defendant coerced an effort to continuously complain to plaintiff's supervisor; and defendant isolated plaintiff after he reported having problems. Id. at 2-3.

Count II of plaintiff's Second Amended Complaint is titled "FOR DENIAL OF ACCOMODATION [sic] UNDER THE ADA." Id. at 4. Therein, plaintiff contends that he was an individual qualified under 42 U.S.C. § 1211(8) "with disabilities who can otherwise perform the essential functions of Plaintiff's employment position but for the adverse employment actions, discrimination and illegal

2

harassment covered above." (Docket No. 14 at 4.) Plaintiff alleges that defendant "failed to investigate their own work allegations in order to terminate Plaintiff's employment in violation of the ADA Regulations." Id.

In the instant motion to dismiss, defendant argues that, because plaintiff alleged only sex discrimination in his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, he is limited to alleging only sex discrimination in this Court. In support of its motion, defendant attaches an unauthenticated copy of plaintiff's EOC Charge of Discrimination form. (Docket No. 15-2.)

In response, plaintiff argues that motions to dismiss should be granted in only extraordinary cases, and that rules and regulations should be liberally construed to effect the purpose of Title VII and the Age Discrimination in Employment Act ("ADEA"). (Docket No. 17 at 1.) Plaintiff also quotes language from a Second Circuit case addressing time limits under the ADEA and sufficiency of charges filed with the EEOC, and also suggests that this Court implement an equitable remedy. Id. at 2.

Plaintiff also submits his sworn Affidavit in which he avers that he spoke to a clerk at the EEOC office regarding filing a Charge of Discrimination against defendant. (Docket No. 17.) Plaintiff further avers that he told the clerk that his grounds for discrimination were gender, race, age, disability, and retaliation discrimination; that the clerk wrote the Charge of Discrimination;

3

and that plaintiff, then proceeding pro se, failed to understand the legal meaning of the clerk's statements. (Docket No. 17 at 4.)

The matters herein presented are not appropriately considered in the context of a motion to dismiss under either Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have submitted to this Court matters outside the pleadings for consideration. This Court recognizes that it is permitted to take judicial notice of items in the public record, such as the Charge of Discrimination form, without treating a motion to dismiss as one for summary judgment. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (citing Papasan v. Allain, 478 U.S. 265, 269 n. 1 (1986)). However, also submitted to this Court was plaintiff's sworn affidavit, in which he avers that EEOC personnel misrepresented his claims on his Charge of Discrimination form. The Eighth Circuit has recognized that claimants should not be penalized for errors or omissions made by EEOC personnel, and that the doctrine of equitable tolling may be applicable in such circumstances. Tuft v. McDonnell Douglas Corp., 517 F.2d 1301, 1310 (8th Cir. 1975); Jennings v. American Postal Workers Union, 672 F.2d 712, 715 (8th Cir. 1982). This Court therefore concludes that granting a motion to dismiss, based on plaintiff's failure to exhaust his administrative remedies, would be inappropriate.

This decision does not foreclose the possibility that the claims defendant asserts herein may be reasserted in a motion for summary judgment, along with a complete record, authenticated by

affidavit, of plaintiff's administrative proceedings regarding the claims at issue in this case, and any evidence addressing the claims plaintiff alleges in his Affidavit. Should defendants choose to do so, this Court will reconsider its arguments at that time.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count I, in Part, and Count II in its Entirety From Plaintiff's Second Amended Title VII of the Civil Rights Act of 1964 Complaint for Damages (Docket No. 15) is **DENIED** without prejudice.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of March, 2009.